**IN THE COURT OF APPEALS OF IOWA**

No. 21-0188
Filed August 18, 2021

**IN THE INTEREST OF K.M.,**
**Minor Child,**

**R.R., Mother**
Appellant.
_____

Appeal from the Iowa District Court for Cedar County, Gary P. Strausser, District Associate Judge.

A mother appeals the termination of her parental rights to a child. **AFFIRMED.**

Sara Strain Linder of Bray & Klockau, P.L.C., Iowa City, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Don W. Schroeder, West Liberty, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J. and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child, born in 2019.[1]  She contends (1) the State failed to prove the grounds for termination cited by the district court; (2) she should have been granted "an additional six months to work toward reunification"; (3) the district court should have granted an exception to termination based on her bond with the child;[2] and (4) the district court abused its discretion in refusing to reopen the record.

## I.    *Grounds for Termination*

The district court terminated the mother's parental rights pursuant to several statutory grounds.  We may affirm if we find clear and convincing evidence to support any of the grounds.  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  We will focus on Iowa Code section 232.116(1)(h) (2020), which requires proof of several elements, including proof the child cannot be returned to the parent's custody.

The mother's history with the department of human services dates back to 2017, when the department received a complaint that she was using methamphetamine while caring for her daughter.[3]  The department afforded the mother services to address her addiction.  Despite these services, the mother gave birth to a child who "was positive for amphetamines."  The mother's parental rights to this child were terminated in 2019.

---

[1] The father's parental rights were also terminated.  He does not appeal.
[2] The mother frames the argument in terms of the child's best interests but cites the statutory provision governing exceptions to termination.
[3] The child's father eventually received "full custody."

The child who is the subject of this appeal was born later the same year. Mother and child tested positive for methamphetamine. The child was discharged from the hospital to the care of his maternal aunt. The district court later removed him from the mother's custody and adjudicated him in need of assistance.

The department offered the mother two supervised visits with the child every week and provided transportation to and from the visits. According to a department report, the mother "failed to attend a majority of the interactions." At some point, the mother "opted to drive" herself to visits and received gas cards to assist her. She was "rarely" on time. The department encouraged her to "resume receiving rides to the interactions at any point."

The department also offered the mother a variety of other services, including substance-abuse treatment and drug testing. According to the department social worker overseeing the case, the mother failed to "follow[] through" with treatment and submitted to only one of the seventeen drug tests requested of her. That test was positive for amphetamines and methamphetamine. In light of her ongoing drug use, the department social worker recommended termination of the mother's parental rights. A family support specialist who supervised visits seconded that opinion. She cited the mother's "substance use and the inconsistency with attending doctor's appointments or being interested in [the child's] health and well-being."

On our de novo review of the record, we conclude the State proved the child could not be returned to the mother's custody.

## II.    Additional Time

A court may grant a parent additional time to work towards reunification. *See* Iowa Code § 232.104(2)(b).    As noted, the mother refused to undergo treatment for her addiction notwithstanding the termination of her parental rights to an older child.   The department social worker overseeing the case recommended against affording her more time prior to termination because she did not do "anything to . . . have [the child] back in [her] custody, and this has been an ongoing issue for years."   The guardian ad litem stated, "I can't begin to imagine how additional time is going to make a difference in this case. . . .    But I do think, unfortunately in this case, termination is in the best interest of this child, and there's no other reasonable alternative."   On our de novo review, we conclude additional time was not warranted.

## III.    Best Interests and Permissive Exception

The mother argues termination was not in the child's best interests because of the bond she shared with the child.   Consideration of the parent-child bond implicates an exception to termination rather than the best-interest framework. *Compare id.* § 232.116(3)(c) (allowing termination where "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"), *with id.* § 232.116(2) ("[T]he court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.").   The exception is permissive.   *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The service provider who supervised parental interactions with the child acknowledged the mother "tend[ed] to [the child's] needs" and had a bond with the child. At the same time, she did not believe the parents had done everything they could do to maximize their bond. The department similarly reported, "The bond that exists between [the child] . . . and [the mother] is not such that termination would be detrimental to [the child], and thus is not a sufficient reason to delay permanency for him." On our de novo review, we conclude the mother was not in a position to care for the child independently at the time of the termination hearing, notwithstanding her close relationship with him. Termination is in the child's best interest, and the permissive exception should not be applied.

## IV. *Reopening of the Record*

The mother refused a drug test offered on the day of the termination hearing but took a test on the day after the termination hearing. She contends the district court should have reopened the record to allow the admission of that test result. Our review of the denial of a motion to reopen the record is for an abuse of discretion. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

In denying the motion, the court reasoned, "We had a date certain by when the hearing was scheduled. All parties had ample opportunity to present all evidence for the Court to consider. There has to be some date that's final by when the record is closed." The court noted that the mother was "personally present in the courthouse on the date of the termination hearing" but "refused to enter the courtroom" and declined a drug test in the courthouse. The court also explained that the mother "could have testified[] [and] provided whatever information [she] wished to provide, including evidence of sobriety," but she "elected not to testify."

We discern no abuse of discretion in the court's refusal to reopen the record under these circumstances.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**